KELLEY et al. v. DIAMOND DRILL & MACHINE CO.

(Circuit Court of Appeals, Third Circuit. April 27, 1905.)

PATENTS—VALIDITY—COIL-CLASP.

Permission granted a defendant to apply to the trial court for leave to file a supplemental bill in the nature of a bill of review to bring forward new evidence tending to show the invalidity of the Jackson patent, No. 433,791, for a coil-clasp.

In Re Petition for Leave to File Supplemental Bill in the United States Circuit Court.

See 132 Fed. 978; 131 Fed. 89; 130 Fed. 893; 129 Fed. 756, 64 C. C. A. 284.

Horace Pettit, for petitioners.
Wm. C. Strawbridge, for respondent.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was a suit in equity in the Circuit Court of the United States for the Eastern District of Pennsylvania, brought by the Diamond Drill & Machine Company against Frank Kelley et al., trading under the firm name of Kelley Bros. & Spielman, for infringement of letters patent No. 433,791, bearing date August 5, 1900, for an improved coil-clasp, granted to Calvin Jackson, of whom the complainant is assignee. At the hearing of the cause upon the pleadings and proofs the Circuit Court adjudged that the patent was valid, and that the defendants had infringed the seventh claim thereof. 120 Fed. 282. Upon appeal by the defendants, this court on June 29, 1903, affirmed the decree of the Circuit Court. 123 Fed. 882, 59 C. C. A. 370. Subsequently the mandate of this court was issued, and was filed in the court below on May 6, 1904. On February 24, 1905, written notice signed by the solicitor and counsel of the appellants was served upon the solicitor and counsel of the appellee that at the opening of the March term, 1905, of this court, on March 7, 1905, or as soon thereafter as counsel could be heard, an application by petition would be made by the appellants to this court for leave to file a supplemental bill in the nature of a bill of review in the Circuit Court, for the reasons and purposes set forth in the petition; and a copy of the petition and copies of certain supporting affidavits were also served in connection with said notice, and at the same time, upon the solicitor and counsel of the appellee. Accordingly at the opening of the term the appellants presented such petition to this court.

The petition, after reciting the various proceedings in the cause, sets forth that during or about the month of June, 1904, the petitioners discovered new matters, then for the first time known to them, which were important and material, and which proved the invalidity of said letters patent No. 433,791. These matters are recited with particularity, and consist of alleged newly discovered evidence of two prior uses, which may be briefly designated as, first, the Maier use of belt-fasteners at the Trenton Spring Mattress

Company's factory; and, second, the wire-cloth fastener used at the De Witt wire cloth factory and elsewhere. The prayer of the petition is as follows:

"Your petitioners therefore pray that they may be granted leave by this honorable court to make application to the Circuit Court of the United States, in and for the Eastern District of Pennsylvania, and more particularly to the Honorable R. W. Archbald, District Judge, who rendered the decision in said court, for leave to file in said court against the said Diamond Drill & Machine Company a supplemental bill, in the nature of a bill of review, to bring forward the aforesaid new matters, in order that the evidence of such new matters may be taken in the cause, and the same adjudged as equity and good conscience may require."

It is insisted on the part of the appellee that the appellants are precluded from maintaining this petition by reason of the delay in presenting the same to this court after the discovery which was made in the month of June, 1904. But in view of all the circumstances, we are not willing to hold that the petitioners are thus estopped. Mr. Pettit, the counsel of the petitioners, states in one of his affidavits that while "he first had knowledge of the new evidence in June, 1904, at the time of the interview with Franz J. Maier referred to, it was not until about four months afterwards that the defendants learned that they had sufficient corroborative proofs of the prior use by Maier, and of the De Witt wire cloth anticipation, such as would warrant the petitioners in filing this petition." We think that it is a fair conclusion from Mr. Pettit's two affidavits that the information which came to the petitioners in June, 1904, was incomplete; that such partial information as they then acquired was followed up by reasonably diligent efforts on the part of the petitioners to ascertain the facts; and that the necessary information upon which to base an application to this court for leave to file a supplemental bill in the Circuit Court was not fully obtained until the middle of October, 1904. Therefore we will overrule the objection based on lapse of time to our entertaining the petition, and will make an order in compliance with the prayer thereof.

It is ordered that permission be, and the same is hereby granted to the petitioners to make application to the Circuit Court of the United States, in and for the Eastern District of Pennsylvania, within 30 days after the entry of this order, for leave to file in said court against the Diamond Drill & Machine Company a supplemental bill, in the nature of a bill of review, for the purposes set forth in said petition, and in accordance with the prayer thereof. And the Honorable R. W. Archbald, who tried and decided the case originally, is designated and appointed to hold the Circuit Court, and hear and act upon said application, and to act in all proceedings in the cause which may ensue.