DIAMOND DRILL & MACHINE CO. v. KELLEY BROS. & SPIELMAN.

(Circuit Court, E. D. Pennsylvania. July 5, 1905.)

1. PATENTS—INFRINGEMENT—ACTIONS—BILL OF REVIEW—NEWLY DISCOVERED EVIDENCE.

In a suit for infringement of a patented belt fastener, newly discovered evidence of a witness, corroborated by two others, that he had made and used a belt fastener, the exact counterpart of that patented, some four years prior to the application for the patent relied on, and that his use was persisted in intermittently for two or three years, was sufficiently material to reopen the case and allow the filing of a supplemental bill in the nature of a bill of review, though no sample of such prior fastening was produced, and it was not regarded as of sufficient merit to induce the witness to continue its use.

2. SAME—DILIGENCE.

Where defendants had been in conversation with a witness from whom they proposed to obtain newly discovered evidence establishing a prior use of a patented device as a defense to a suit for infringement, but claimed that such witness had been only sought out in order to learn about a certain bed spring, and, except as he volunteered information, there was no means of knowing that he had any information with reference to such prior use which he did not then disclose, this evidence will not be regarded as accessible to the defendants by the exercise of due diligence.

In Equity. Petition of defendants for leave to file a supplemental bill in the nature of a bill of review.

Horace Pettit, for petitioners.
William C. Strawbridge, opposed.

ARCHBALD, District Judge.[1] By the former opinion of this court (120 Fed. 282) the patent in suit was sustained, and infringement found. And this, upon appeal, was affirmed. (C. C. A.) 123 Fed. 882, 129 Fed. 756. The case now comes up, upon petition of the defendants, for leave to file a supplemental bill in the nature of a bill of review, in order to present newly discovered evidence which it is claimed establishes a prior use of the patented device; permission to reopen the case for this purpose having been given by the Court of Appeals. 136 Fed. 855.

The finality of litigation and the stability of judicial decision both require that conclusions which have been reached as the outcome of legal proceedings in which the parties have had full opportunity to be heard shall not be disturbed except where it is necessary to prevent a miscarriage of justice. The defeated party is always disappointed, and there is a natural temptation to try by some means to regain the place that has been lost. Applications, therefore, to reopen the case in order to permit the introduction of further evidence, in the hope of effecting a change, are not looked upon with favor; the parties being required to present all the evidence which they have at the original hearing, including that which with the exercise of reasonable diligence was within their reach. The new evidence suggested in any case must in consequence not only have

[1] Specially assigned.

138 F.—53

been unknown to the party, but practically unattainable, and must also be so clear and convincing that it is not only calculated to bring about a different result, but that there is little question as to its doing so. This is a familiar rule, which it requires the citation of no authorities to support. The only question is whether the defendants have brought themselves within it.

As this is a preliminary motion, any expression of opinion upon the proposed proofs, except so far as it is necessarily involved in the granting or refusing of the application, is out of place. Neither is the evidence here which will be produced to contradict and possibly overcome them, so that it is only their prima facie character that is passed upon. This is to be borne in mind with regard to whatever may be said. It is sufficient, therefore, for the present, to note that, if the testimony of Mr. Maier is believed, a wire belt fastener, the exact counterpart of that in suit, was made and used by him at the works of the Trenton Spring Mattress Company, at Trenton, N. J., as early as 1885, some four years prior to the application for the patent on which the complainants rely, and that this use was persisted in intermittently for upwards of two or three years. Nor is this left to rest on his statement only, but is confirmed by three others, who substantially agree with him, both as to the character of the device, and the time and place of its use. It is true that there is nothing in the way of records or material exhibits to back this up. No sample of the fastening, for instance, has been produced from among the appliances of the shop, and we have nothing therefore but the memory of these witnesses. Nor was the device apparently regarded as of sufficient merit to induce a continuance of its use after the removal of the works from Warren street. Notwithstanding this, however, it can hardly be questioned that, if the facts which have been referred to had been produced at the former hearing, the validity of the patent would have been put in serious doubt.

Whether this evidence could have been produced before, with the exercise of proper diligence, is a more difficult question, and constitutes the real weakness of the present application. It is certainly somewhat remarkable that although the defendants, through their counsel, were in touch with Maier, and interviewed him with reference to his bed-spring fastening, nothing was developed as to the similar device which he now says he made use of in his shop for uniting belt ends. The explanation suggested is that he was only sought out in order to learn about his bed spring, and, except as he volunteered it, there was no means of knowing that he had any information outside of this. The real question, then, is whether an inquiry directed to that ought to have been prosecuted, and whether the defendants were remiss in not making it. With some hesitation, I am not prepared to say that they were. The extent of the witness' information was known to himself alone, and there was nothing to intimate that he had any upon the general subject of the patent, or to prompt an inquiry along that line. And that he did not prove more communicative is not to be laid at their door. Tending, as it did, to destroy the patent of another, he may have

thought that he ought not to say anything beyond just what he was asked about. At all events, he did not; and without this the defendants could not know, except by a chance inquiry, for neglect of which they are hardly to be held.

There being enough in this to reopen the case, there is no occasion to discuss the other evidence, with regard to the means shown to have been in use for upwards of 20 years for fastening together the ends of wire cloth belts, employed for taking up and carrying the pulp in paper machines. Nor whether this was not accessible to the defendants, inquiry being bound to be made in all arts where belts of any kind were used. Neither is it necessary to consider whether the present application was made with sufficient promptness after obtaining the information which is relied upon. The Court of Appeals felt satisfied upon the subject, and, even if the question is to be regarded as an open one, there is no reason why a different view should be taken here.

The motion for leave to file a supplemental bill in the nature of a bill of review is allowed.